UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GEORGE WILKIE,

Plaintiff,

v.

MARY L. DAVIDSON, COUNTY OF HENNEPIN, and STATE OF MINNESOTA,

Defendants.

CIVIL NO. 00-2024 (RHK/JMM)

REPORT AND RECOMMENDATION

The above matter came on for hearing before the undersigned on December 11, 2000 upon the Court's Order to Show Cause. [Docket No. 12]. Toni A. Beitz, Esq. appeared on behalf of Defendants. Plaintiff did not appear. The matter is before the undersigned Magistrate Judge for a Report and Recommendation to District Judge Richard H. Kyle pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that the Complaint [Docket No. 1] be dismissed without prejudice.

**FINDINGS OF FACT/REPORT**

Plaintiff filed the Complaint in this action on August 25, 2000. This Court issued an Order for Pretrial Conference on October 24, 2000, ordering the Parties to meet in person no later than November 6, 2000. [Docket No. 3]. Plaintiff failed to appear for a meeting with Defendant. The Order also required the Parties to submit a Statement pursuant to the provisions of Rule 26(f) of the Federal Rules of Civil Procedure. Plaintiff failed to comply with this requirement. Finally, the Order required the Parties to appear before the Court for a Pretrial Conference on November 15, 2000. Defendant appeared,

DEC 11 2000

but Plaintiff failed to attend.

As a result of Plaintiff's failures to comply with this Court's Order, we issued an Order to Show Cause why Plaintiff's Complaint should not be dismissed. [Docket No. 12]. In the Memorandum to the Order to Show Cause, we stated:

> It appears that Plaintiff has violated Rule 16(f), and that sanctions may be appropriate. This Order requires Plaintiff to appear personally before this Court on the date and at the time specified, to explain why the Court should not impose sanctions. If he fails to appear, the Court may issue a Report and Recommendation recommending that his Complaint be dismissed with prejudice, or impose other sanctions.

The Order to Show Cause instructed Plaintiff to appear before the Court on December 11, 2000 at 9:30 a.m. At 9:40 a.m. on December 11, 2000, Plaintiff had still not appeared as ordered.

Federal Rule of Civil Procedure 16(f) provides:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

In addition, Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of an action where the plaintiff has failed to prosecute the action, or to comply with the Federal Rules or any Court Order.

In this case, Plaintiff repeatedly failed to comply with the Court's Pretrial Scheduling Order. Plaintiff's procedural failures have prevented the Court from proceeding to consider the substance of his claims. These factors form the basis for our recommendation that the Complaint be dismissed. However, it is worth noting, without

resolving the substantive issues, that the Complaint appears to lack merit in light of Defendants' Motion to Dismiss.

Our Order to Show Cause clearly warned Plaintiff that failure to appear on December 11, 2000 before the Court could result in dismissal of his lawsuit with prejudice. Plaintiff chose to disregard this admonition, and we believe that sanctions are appropriate in this case. However, in part due to Plaintiff's pro se status, we recommend that the Amended Complaint be dismissed without prejudice. See Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 1999)(dismissal with prejudice is an "extreme sanction").

**RECOMMENDATION**

For the reasons set forth above, it is recommended that the Complaint [Docket No. 1] be dismissed without prejudice.

Dated: December 11, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **December 26, 2000** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **December 26, 2000**.